# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**COREY DEVON JACKSON**                                        **PLAINTIFF**

**v.**                                                                   **CAUSE NO. 1:17-cv-43-LG-RHW**

**TROY PETERSON, et al.**                                             **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record in this case and relevant legal authority, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice.

I.     BACKGROUND

Pro Se Plaintiff Corey Devon Jackson brings this conditions of confinement Complaint pursuant to 42 U.S.C. § 1983. At the time of filing this action, Jackson was incarcerated at the Harrison County Adult Detention Center in Gulfport, Mississippi.

    A.    Notice of Assignment

On February 24, 2017, the Clerk issued a Notice of Assignment [Ex. 1-1] advising Jackson that he was required to notify the Court in writing if his address changed and it also warned Jackson that his failure to advise the Court of a change of address or his failure to timely comply with any order of the Court would be deemed a purposeful delay and contumacious act that may result in the dismissal of this case. The Notice of Assignment was mailed to Jackson at the Harrison County

Adult Detention Center, which is the address Jackson provided in his Complaint. Compl. [1] at 1-3. On March 6, 2017, the envelope [4] containing the Notice of Assignment was returned by the postal service with the label "return to sender – refused – unable to forward." Ret. Mail [4]. The envelope also had a handwritten notation stating "RTS not here." *Id*.

    B.  <u>Order of February 27, 2017</u>

On February 27, 2017, the Court entered an Order [3] advising Jackson of certain provisions of the Prison Litigation Reform Act. The Order directed Jackson to file an Acknowledgment of Receipt and Certification if he wished to continue with this lawsuit, or a Notice of Voluntary Dismissal, within thirty days. The Order [3] warned Plaintiff that failure to timely comply or failure to keep the Court informed of his current address may lead to the dismissal of his Complaint. The Order was mailed to Jackson at the Harrison County Adult Detention Center. On March 7, 2017, the envelope [5] containing the Order was returned by the postal service with the label "return to sender – refused – unable to forward." Ret. Mail [5]. The envelope also had a handwritten notation stating "released 2-02-2017." *Id*. Jackson did not contact the Court to provide a current address and he did not comply with the Order [3] of February 27, 2017.

    C.  <u>Show Cause Order of April 12, 2017</u>

On April 12, 2017, the Court entered a Show Cause Order [6] directing Jackson to show cause, on or before April 26, 2017, why this case should not be

dismissed for his failure to comply with the Court's previous Order [3]. The Show Cause Order [6] warned Jackson that failure to timely comply or failure to advise the Court of a change of address would result in the dismissal of this case. The Order was mailed to Jackson at the Harrison County Adult Detention Center. On April 21, 2017, the envelope [9] containing the Show Cause Order [6] was returned by the postal service with the label "return to sender – refused – unable to forward." Ret. Mail [9].

    D.   <u>Jackson's Letter and the Court Order of April 20, 2017</u>

On April 19, 2017, Jackson filed an unsigned letter [7] stating that his current address is the address of the Hancock County Public Safety Complex. The envelope [7-1] containing Jackson's letter was stamped with a form notation stating that the correspondence is sent by an inmate of the Hancock County Public Safety Complex.

On April 20, 2017, the Court entered an Order [8] directing the Clerk to mail Jackson a copy of his unsigned letter [7], a copy of the Order [3] of February 27, 2017, and a copy of the Show Cause Order [6] to Jackson at his new address. The Order [8] directed Jackson to file a response that addresses the requirements of the Court's previous Orders [3], [6], on or before May 4, 2017. *See* Order [8] at 1. The Order [8] also directed Jackson to sign his letter [7] and return it to the Court for filing no later than May 4, 2017. The Order [8] warned Jackson that his failure to timely file a response that fully complies with the Court's Orders will result in the

3

dismissal of this case without further written notice. *Id*. at 2. The Order was mailed to Jackson at the Hancock County Public Safety Complex. Jackson did comply with this Order [8] or otherwise contact the Court.

E. <u>Show Cause Order of May 24, 2017</u>

On May 24, 2017, the Court entered a Show Cause Order [11] directing Jackson to show cause, on or before June 7, 2017, why this case should not be dismissed for his failure to comply with the Court's previous Orders. The Show Cause Order [11] directed the Clerk to mail copies of all previous Orders [3],[6],[8], to Jackson and further directed Jackson to file a response that addresses the requirements of the previous Orders on or before June 7, 2017. The Show Cause Order [11] also warned Jackson that "his failure to timely file a response that fully complies with the Court's Orders <u>will result in the dismissal of this case without further notice to the Plaintiff</u>." Order [11] at 2 (emphasis in the original). The Order and attached copies were mailed to Jackson at the Hancock County Public Safety Complex. On June 5, 2017, the envelope [12] containing the Show Cause Order [11] and attachments was returned by the postal service with a handwritten notation stating "Return to Sender – No longer at this facility." *Id*.

II. DISCUSSION

This Court has the authority to dismiss an action sua sponte for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority. *See Link v. Wabash*

*R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

Jackson has failed to keep this Court advised of his current address and he has failed to comply with four Court Orders [3], [6], [8], [11]. Jackson has not contacted the Court since April 19, 2017. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). Docketing another show cause order would likewise be futile when Jackson has failed to provide a valid address. Therefore, the Court concludes that dismissal of this action is proper for Jackson's failure to prosecute and for failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure. *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal based on inmate's failure to comply with a court order). Since the Defendants have not been called on to respond to Jackson's pleading, and the Court has not considered the merits of Jackson's claims, the Court's Order of Dismissal is

without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

III.  CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 21st day of June, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE